UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | ) | |
|---|---|---|
| In re: | ) | Case No. 09-_____ |
| | ) | Chapter 15 |
| Petition of Big Sky Farms Inc., by | ) | |
| Ernst & Young Inc., as its Monitor, | ) | PETITION FOR RECOGNITION |
| | ) | OF FOREIGN MAIN |
| | ) | PROCEEDING PURSUANT TO |
| Debtor in a Foreign Proceeding. | ) | SECTIONS 1515 AND 1517 |
| | ) | OF THE BANKRUPTCY CODE |
| | ) | |

Pursuant to Sections 1515 and 1517 of Title 11 of the United States Code (the "Bankruptcy Code"), Ernst & Young Inc., as Monitor and Foreign Representative (the "Monitor") of Big Sky Farms Inc. ("Big Sky" or the "Debtor"), by its counsel, Julie Johnson McLean of the law firm of Davis, Brown, Koehn, Shors & Roberts, P.C., files this Petition requesting entry of an order recognizing the Order of the Court of Queen's Bench for Saskatchewan, Judicial Centre of Saskatoon (the "Canadian Court") under the Companies' Creditors Arrangement Act for Big Sky, Q.B. No. 1461 of 2009 (the "Canadian Proceeding") as a foreign main proceeding as defined in Section 1502(4) of the Bankruptcy Code. In support thereof, the Monitor respectfully states:

1. This Chapter 15 case arises out of an application of Big Sky Farms Inc. and the consent of Ernst & Young Inc., an international insolvency and restructuring firm, to act as Monitor of the Debtor. A certified copy of the Order entered by the Canadian Court on November 10, 2009, appointing the Monitor is attached hereto marked Exhibit "A" and incorporated herein by this reference. A certified copy of the Consent to Appointment of the Monitor is attached as Exhibit "B" and incorporated herein by this reference.

#1754919 v.3

2. The Monitor is a foreign representative and seeks recognition pursuant to Chapter 15 to assist the Monitor in protecting assets that may be located in Iowa in the United States of America, including, without limitation, the pigs of Big Sky located in Iowa (the "Pigs").

3. The Monitor is a foreign representative acting as Monitor for Big Sky Farms Inc., a corporation formed under the laws of Saskatchewan. The Monitor has been appointed by the Canadian Court and receives its authority from orders entered by the Canadian Court. The Canadian Court has requested that courts located in the United States assist the Monitor and has authorized the Monitor to seek recognition from courts of the United States.

4. The Canadian Proceeding should be recognized as a foreign main proceeding because the activities of the Debtor are now monitored by the Monitor and are subject to the orders of the Canadian Court.

5. As a foreign representative, the Monitor is entitled to petition this Court for recognition under Section 1509 of the Bankruptcy Code. As demonstrated below: (a) recognition of the Canadian Proceeding as a foreign proceeding would not be contrary to public policy under Section 1506; (b) the Canadian Proceeding is a foreign main proceeding pursuant to Section 1502(4); (c) the Monitor is a person authorized in the Canadian Proceeding to assist in the reorganization or plan of arrangement for the creditors of the Debtor, all under the supervision of the Canadian Court; and (d) the Monitor has complied with all of the requirements of Section 1515 of the Bankruptcy Code. Saskatchewan is the center of main interest of the Debtor.

6. The Monitor is filing contemporaneously with this Petition the following documents in support of its request for recognition of the Canadian Proceeding as a foreign main proceeding:

  a. Official Form Chapter 15 Petition of Big Sky;

  b. Schedules D, F and G of Big Sky;

  c. Certified copies of the Order commencing the Canadian Proceeding and appointing the Monitor marked Exhibit "A" and the Monitor's Consent marked Exhibit "B";

  d. Foreign Representative's Motion for Provisional Relief for Big Sky;

  e. List of Big Sky Filed Pursuant to Bankruptcy Rule 1007(a)(4)(B); and

  f. Corporate Ownership Statement of Big Sky Filed Pursuant to Bankruptcy Rules 1007(a)(4)(A) and 7007.1(a).

7. Chapter 15 is the proper vehicle for a foreign representative to seek assistance from the courts in the United States in connection with a foreign proceeding. 11 U.S.C. §1501(b)(1).

8. The Canadian Proceeding contemplates a proposed plan of arrangement for the creditors of the Debtors in much the same manner as a case under Chapter 11 of the Bankruptcy Code. It is a judicial proceeding in a foreign country under a law relating to reorganization in which proceeding the assets and affairs of the Debtors are subject to control or supervision by a foreign court for the purpose of a proposed plan of arrangement for the creditors of the Debtors.

9. The Canadian Proceeding is a "foreign main proceeding" within the meaning of 11 U.S.C. §1502, and the Chapter 15 Petition meets the requirements of 11 U.S.C. §1515. Accordingly, this Court should enter an order recognizing the Canadian Proceeding as a foreign main proceeding pursuant to 11 U.S.C. §1517.

10. The Monitor seeks recognition pursuant to Chapter 15 in order to seek the United States Bankruptcy Court's assistance in identifying and protecting the assets of Big Sky.

WHEREFORE, the Monitor seeks an Order of this Court pursuant to Sections 105(a), 1507, 1517, 1520 and 1521 of the Bankruptcy Code granting the following relief:

a. Recognition of the Canadian Proceeding pursuant to Section 1502(4) of the Bankruptcy Code;

b. Granting relief as of right upon recognition of a foreign main proceeding pursuant to Section 1520 of the Bankruptcy Code;

c. Recognition of the Monitor as the foreign representative of Big Sky as defined in Section 101(24) of the Bankruptcy Code;

d. Granting relief of a provisional nature including staying execution against the Debtor's assets, including the Pigs of Big Sky located in Iowa, in order to protect and preserve the value of the Debtor's assets that, by their nature or circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy; and

e. Awarding the Monitor such other and further relief as this Court may deem just and proper.

Dated this 10th day of November, 2009.

    Julie Johnson McLean   (AT#0005185)
    Davis, Brown, Koehn, Shors & Roberts, P.C.
    215 10th Street, Suite 1300
    Des Moines, IA 50309
    Phone # (515) 288-2500
    Facsimile # (515) 243-0654
    JulieMcLean@davisbrownlaw.com
    ATTORNEYS FOR ERNST & YOUNG INC.
    AS MONITOR OF BIG SKY FARMS INC.