UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: | ) | Case No. 09-_____ |
| | ) | Chapter 15 |
| Petition of Big Sky Farms Inc., by | ) | |
| Ernst & Young Inc., as its Monitor, | ) | MOTION FOR PROVISIONAL |
| | ) | RELIEF PURSUANT TO 11 |
| | ) | U.S.C. §1519 |
| Debtor in a Foreign Proceeding. | ) | |
| | ) | |
| | ) | |

Pursuant to Sections 1519(a)(1) and (2) of Title 11 of the United States Code (the "Bankruptcy Code"), Ernst & Young Inc., as the Monitor of Big Sky Farms Inc. ("Big Sky" or the "Debtor"), by its counsel, Julie Johnson McLean of the law firm of Davis, Brown, Koehn, Shors & Roberts, P.C., files this Motion for Provisional Relief Pursuant to 11 U.S.C. §1519(a)(1) and (2) with respect to Big Sky and the assets of Big Sky, and moves for entry of an order implementing Section 362 of the Bankruptcy Code on a provisional basis, pending recognition of the Chapter 15 Petition filed herewith and, in support thereof, respectfully states as follows:

1.    The Monitor is seeking immediate imposition of the automatic stay pursuant to Bankruptcy Code Section 362 pending recognition of the Chapter 15 Petition in order to protect all of the assets of Big Sky located in Iowa in the United States (collectively, the "Assets"), including, without limitation, approximately 29,600 wean-to-finish pigs (22 - 120 days old) and 23,460 finishing pigs (56 - 120 days old) as of October 17, 2009 ("Pigs") in the possession of various contract growers located in northwest Iowa and a pork processing plant located in Sioux Center, Iowa.

2.    Section 1519(a) provides that this Court may, at the request of the foreign representative, where relief is urgently needed to protect the assets of the debtor or the interests

#1754920 v.3

of the creditors, grant relief of a provisional nature, including staying execution against the debtor's assets located in the United States, to the foreign representative in order to protect and preserve the value of assets that, by their nature or because of other circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy, and any additional relief as may be appropriate.

3. The Pigs are in the possession of various contract growers and a processing plant in Iowa pursuant to certain executory contracts between Big Sky and the individuals or entities listed in Schedule "G" of Big Sky filed with the Petition. In addition, various feed suppliers listed in Schedule "G" have contracts or agreements to supply feed to Big Sky which is vital to the health and survival of the Pigs of Big Sky. Further, creditors listed in Schedules D and F may claim an interest in or lien upon the Pigs of Big Sky and/or be in a position to supply goods and/or services vital to the health and survival of the Pigs of Big Sky or the Debtor's realization of the value of the Pigs.

4. Pursuant to the Order of the Court of Queen's Bench for Saskatchewan, Judicial Centre of Saskatoon, Q.B. No. 1461 on November 10, 2009 (the "Order"), the Canadian Court ordered that "all Persons having oral or written agreements with the Applicants . . . for the supply of goods and/or services, including without limitation all . . . utility services, goods and services provided by the Lease Operators or other services to the Business or the Applicants, are hereby restrained until further Order of this Court from discontinuing, altering, interfering with or terminating the supply of such goods or services as may be required by the Applicants, . . . provided in each case that the normal prices or charges for all such goods or services received after the date of this Order are paid by the Applicants in accordance with normal payment practices of the Applicants or such other practices as may be agreed upon by the supplier or

service provider and each of the Applicants and the Monitor, or as may be ordered by this Court." See Order of the Canadian Court, ¶18.

5. In addition, the Order of the Canadian Court provides that "no Person shall be prohibited from requiring immediate payment for goods, services, use of leased or licensed property or other valuable consideration provided on or after the date of this Order, nor shall any Person be under any obligation after the making of this Order to provide goods or services on credit or to provide further advances of money or credit to the Applicants." See Order of the Canadian Court, ¶19.

6. It is critical that this Court grant automatic stay protection on a provisional basis in order to preserve and maintain the Assets of Big Sky, including the Pigs, for the benefit of the creditors and the estate.

7. By this Motion, the Monitor seeks an Order making Section 362 of the Bankruptcy Code immediately applicable to protect the Assets of Big Sky located in the United States pursuant to Sections 1519(a) and 105(a) of the Bankruptcy Code.

8. Relief under Section 1519 of the Bankruptcy Code is available where the foreign representative can satisfy the standards for injunctive relief including: (a) whether the movant has shown a reasonable probability of success on the merits; (b) whether the movant will be irreparably injured by denial of the relief; (c) whether granting preliminary relief will result in even greater harm to the non-moving party; and (d) whether granting the preliminary relief will be in the public interest.

9. For the reasons set forth in the Petition, the Monitor has demonstrated a reasonable probability that the Canadian Proceeding will be recognized as a foreign main proceeding.

10. The Monitor submits that the provisional application of the automatic stay under Section 362 of the Bankruptcy Code in this case is critical to the prevention of irreparable damage to the value of the Assets of the Debtor, including the Pigs of Big Sky.

11. No harm will result to any party that is greater than the harm to the estate of the Debtor in the absence of the requested relief extending through the disposition of the Chapter 15 Petition. By contrast, if the provisional relief sought herein is not granted, then the Debtor is at risk of immediate and irreparable harm to or appropriation of its Pigs and other Assets.

12. Providing the requested relief would effectuate the public policy considerations supporting Section 1525 of the Bankruptcy Code which mandates cooperation "to the maximum extent possible" between this Court and the Canadian Court and the Monitor.

WHEREFORE, the Monitor respectfully requests this Court to enter an order granting the provisional relief requested herein and any other relief as this Court determines is fair and equitable under the circumstances.

Dated this 10th day of November, 2009.

                                                                 Julie Johnson McLean    (AT#0005185)
                                                                  Davis, Brown, Koehn, Shors & Roberts, P.C.
215 10th Street, Suite 1300
Des Moines, IA 50309
Phone # (515) 288-2500
Facsimile # (515) 243-0654
JulieMcLean@davisbrownlaw.com
ATTORNEYS FOR ERNST & YOUNG INC.
AS MONITOR OF BIG SKY FARMS INC.