UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | Case No. 09-03293 |
| | Chapter 15 |
| Petition of Big Sky Farms Inc. by | |
| Ernst & Young Inc., as its Monitor, | ORDER GRANTING |
| | PROVISIONAL RELIEF |
| Debtor in a Foreign Proceeding. | PURSUANT TO 11 U.S.C. §1519 |

This matter comes before the Court for hearing on November 12, 2009, on the Motion for Provisional Relief Pursuant to 11 U.S.C. §1519 (the "Motion") filed by Ernst & Young Inc., as the Monitor of Big Sky Farms Inc. (the "Petitioner") on November 10, 2009. Upon review of the Petition for Recognition of a Foreign Proceeding Pursuant to 11 U.S.C. §§1515 and 1517, (the "Petition") filed on November 10, 2009, and the Certificate of Service filed by Petitioner's counsel, the Court finds that the Petitioner has served copies of the Petition, the Motion and the Order setting the hearing on the Motion on all parties against whom the Petitioner is seeking provisional relief. Upon review of the Petition and Motion, and hearing the arguments presented by counsel at the hearing, the Court finds that relief to protect the assets of Big Sky Farms Inc. ("Big Sky") located in Iowa and the interests of all of the creditors of Big Sky is necessary and appropriate and, accordingly, finds the Motion should be granted.

THE COURT FINDS:

1.  This Chapter 15 case arises out of an application of Big Sky Farms Inc. and the consent of Ernst & Young Inc., an international insolvency and restructuring firm, to act as Monitor of the Debtor. Certified copies of the Order entered by the Court of Queen's Bench for Saskatchewan, Judicial Centre of Saskatoon (the "Canadian Court") under the Companies' Creditors Arrangement Act for Big Sky, Q.B. No. 1461 of 2009 (the "Canadian Proceeding") on November 10, 2009, appointing the Monitor and the Consent to Appointment of the Monitor are attached to the Petition.

2.  The Monitor is a foreign representative acting as Monitor for Big Sky Farms Inc., a corporation formed under the laws of Saskatchewan. The Monitor has been appointed by the Canadian Court and receives its authority from orders entered by the Canadian Court.

3.  The Monitor is seeking immediate imposition of the automatic stay pursuant to Bankruptcy Code Section 362 pending recognition of the Chapter 15 Petition in order to protect all of the assets of Big Sky located in Iowa in the United States (collectively, the "Assets"), including, without limitation, approximately 53,000 wean-to-finish pigs and finishing pigs ("Pigs") in the possession of various contract growers located in northwest Iowa and a pork processing plant located in Sioux Center, Iowa.

4.  Section 1519(a) provides that this Court may, at the request of the foreign representative, where relief is urgently needed to protect the assets of the debtor or the interests of the creditors, grant relief of a provisional nature, including staying execution against the

#1760009

debtor's assets located in the United States, to the foreign representative in order to protect and preserve the value of assets that, by their nature or because of other circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy, and any additional relief as may be appropriate.

5. The Pigs are in the possession of various contract growers and a processing plant in Iowa pursuant to certain executory contracts between Big Sky and the individuals or entities. In addition, various feed suppliers have agreements to supply feed to Big Sky which is vital to the health and survival of the Pigs of Big Sky. Further, some creditors may claim an interest in or lien upon the Pigs of Big Sky and/or be in a position to supply goods and/or services vital to the health and survival of the Pigs of Big Sky or the Debtor's realization of the value of the Pigs.

6. Pursuant to the Order of the Court of Queen's Bench for Saskatchewan, Judicial Centre of Saskatoon, Q.B. No. 1461 on November 10, 2009 (the "Order"), the Canadian Court ordered that "all Persons having oral or written agreements with the Applicants . . . for the supply of goods and/or services, including without limitation all . . . utility services, goods and services provided by the Lease Operators or other services to the Business or the Applicants, are hereby restrained until further Order of this Court from discontinuing, altering, interfering with or terminating the supply of such goods or services as may be required by the Applicants, . . . provided in each case that the normal prices or charges for all such goods or services received after the date of this Order are paid by the Applicants in accordance with normal payment practices of the Applicants or such other practices as may be agreed upon by the supplier or service provider and each of the Applicants and the Monitor, or as may be ordered by this Court." See Order of the Canadian Court, ¶18.

7. In addition, the Order of the Canadian Court provides that "no Person shall be prohibited from requiring immediate payment for goods, services, use of leased or licensed property or other valuable consideration provided on or after the date of this Order, nor shall any Person be under any obligation after the making of this Order to provide goods or services on credit or to provide further advances of money or credit to the Applicants." See Order of the Canadian Court, ¶19.

8. Relief under Section 1519 of the Bankruptcy Code is available where the foreign representative can satisfy the standards for injunctive relief including: (a) whether the movant has shown a reasonable probability of success on the merits; (b) whether the movant will be irreparably injured by denial of the relief; (c) whether granting preliminary relief will result in even greater harm to the non-moving party; and (d) whether granting the preliminary relief will be in the public interest.

9. The Monitor has demonstrated a reasonable probability that the Canadian Proceeding will be recognized as a foreign main proceeding.

10. The provisional application of the automatic stay under Section 362 of the Bankruptcy Code in this case is critical to the prevention of irreparable damage to the value of the Assets of the Debtor, including the Pigs of Big Sky.

11. No harm will result to any party that is greater than the harm to the estate of the Debtor in the absence of the requested relief extending through the disposition of the Chapter 15 Petition. By contrast, if the provisional relief sought herein is not granted, then the Debtor is at risk of immediate and irreparable harm to or appropriation of its Pigs and other Assets.

12. Providing the requested relief would effectuate the public policy considerations supporting Section 1525 of the Bankruptcy Code which mandates cooperation "to the maximum extent possible" between this Court and the Canadian Court and the Monitor.

IT IS ORDERED from the time of the filing of the Petition until this Court's ruling on the Petition, the Court grants the following relief of a provisional nature:

(a) Staying execution against the assets of Big Sky located in Iowa and the United States and all other actions described in 11 U.S.C. §362(a) against Big Sky and its assets;

(b) Entrusting the protection and preservation of all of the assets of Big Sky located in the United States to Big Sky under the supervision of the Monitor and subject to orders of the Canadian Court in the Canadian Proceeding in order to preserve the value of the assets that, by their nature or because of other circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy;

(c) Prohibiting the interference or discontinuance of any right or agreement in favor of Big Sky for the provision of goods and services, provided in each case that the normal prices or charges for all goods and services provided to Big Sky on after November 10, 2009, are paid by Big Sky in accordance with normal payment practices; provided, however, no individual or entity shall be prohibited from requiring immediate payment for goods, services or other valuable consideration provided on and after November 10, 2009, and no person shall be under any obligation to provide goods or services on credit or to provide further credit to Big Sky;

(d) Prohibiting all persons (including, without limitation, DEL-uxe Feeds, Inc. and any and all creditors of Big Sky) from interfering with, intercepting, garnishing or asserting a claim against monies, accounts receivable or other amounts payable to Big Sky by any party (including, without limitation) Sioux-Preme Packing Co.;

(e) Directing Sioux-Preme Packing Co.:

(i) to continue to make payments to Big Sky for all goods sold by Big Sky to Sioux-Preme Packing Co. (including, without limitation, pigs and related products) in accordance with ordinary payment terms between Big Sky and Sioux-Preme Packing Co.;

(ii) to continue to make checks for such payments by Sioux-Preme Packing Co. to Big Sky payable solely to "Big Sky Farms Inc." (and to no other party) and directing that Sioux-Preme Packing Co. shall incur no liability to any party (including, without limitation, DEL-uxe Feeds, Inc.) in so doing; and

(iii) to continue to deliver checks for such payments by Sioux-Preme Packing Co. to Big Sky at its offices in Canada in accordance with ordinary payment practices followed by Sioux-Preme Packing Co. in regard to its dealings with Big Sky and directing that Sioux-Preme Packing Co. shall incur no liability to any party including, without limitation, DEL-uxe Feeds Inc.) in so doing;

(f) [WLE: a staying of] ~~Vacating~~ any collection or enforcement actions or proceedings commenced by any creditor of Big Sky (including, without limitation, DEL-uxe Feeds, Inc.), in respect of a debt due by Big Sky to such creditor prior to the making of the Canadian Order, between the time of the making of the Canadian Order, effective as of 12:01 am on November 10, 2009, and the making of this Order of the Court and directing that all parties who have taken any such collection or enforcement actions or proceedings shall forthwith: (a) discontinue such collection or enforcement actions or proceedings; and (b) provide such notice or other remedy as may [WLE:] reasonably be required to ~~vacate or set aside~~ cease (WLE) such collection or enforcement action or proceeding; and

(g) All of such provisional relief shall be effective until such time as the Court enters an order on the Petition or orders otherwise.

DATED AND ENTERED November 12, 2009 .

_____
William L. Edmonds, Bankruptcy Judge